Erica Loftis, Esq. (SBN 259286)
Adam P. Thursby, Esq. (SBN 318465)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
bknotifications@ghidottiberger.com

Attorney for Secured Creditor,
U.S. Bank Trust National Association as Trustee of the Chalet Series IV Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>Mary Alida Luzuriaga,<br><br>Debtor. | CASE NO.: 2:22-bk-10291-SK<br><br>CHAPTER 13<br><br>**OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF**<br><br>Date: 3/24/2022<br>Time: 10:00 a.m.<br>Courtroom: 1575<br>Location: 255 E Temple St., Los Angeles, CA 90012<br><br>Judge Sandra R. Klein |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

U.S. Bank Trust National Association as Trustee of the Chalet Series IV Trust, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by Mary Alida Luzuriaga ("Debtor").

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which is secured by a Deed of Trust on the subject property commonly known as 725 S Valinda Avenue,

1

Objection to Plan

West Covina, California 91790. Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

As of February 07, 2022, the amount in default was approximately $149,012.92, representing monthly payments and late charges due; advances for taxes and insurance, if any; and foreclosure costs and attorneys' fees incurred with respect to the default.

Pursuant to 11 U.S.C. §1322(b)(5) and §1325(a)(5)(B)(ii), a plan must provide for the cure of arrears within a reasonable time and provide for continuing payments on a secured claim where the last payment is due after the date which the final plan payment is due. However, the proposed Plan provides for $139,000.00 which is lower than the arrears of approximately $149,012.92 currently owed to secured creditor. The Secured Creditor is currently in the process of filing a POC and will do so prior to the deadline. In order for the Debtor to cure the arrears he has to make $2,483.55 for 60 months in addition to the monthly mortgage payment. As a result the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C.§1325(a) (5) (B) (ii).

The Plan does not propose a reasonable schedule and time period for the payment of arrearages on the trust deed obligations of the Debtor. The payoff period and monthly repayment amount proposed by Debtor are unreasonable considering Debtor's past non-payment history. Further, the repayment sum will not fully pay off the arrearages currently owing to Secured Creditor over the term of the Plan. To cure the actual pre-petition arrearages within 60 months, Secured Creditor must receive $2,483.55 per month from the Debtor through the Plan.

Further, the Plan is not feasible. Debtor is unemployed with her only income coming from unemployment benefits. Those benefits are of limited duration and are not an accurate basis to judge future performance of a 60 month plan. Debtor states she may rent a room but again, this debt requires over $3,795 per month for both repayment of the arrears and

maintenance of the ongoing monthly mortgage payment.  Based on the evidence provided, this Plan is not feasible as Debtor cannot make the payments required thereunder.

## CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied, and
2. For such other relief as this Court deems proper.

Dated: February 10, 2022                    GHIDOTTI | BERGER LLP

*/s/ Erica Loftis Pacheco*
Erica Loftis-Pacheco, Esq , SBN 259286
Attorney for Secured Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1920 Old Tustin Avenue, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): Objection to Proposed Chapter 13 Plan And Confirmation Thereof

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/10/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtors Counsel: Gary Polston, gmp@polstonlaw.com

Trustee: Richard A Marshack, pkraus@marshackhays.com

U.S. Trustee: ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 02/10/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtors:
Vincent O. Macabuhay
Maria Macabuhay
17412 Yorkshire Ave.
Yorba Linda, CA 92886

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/10/2022 | Ana Palacios | /s/ Ana Palacios |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE