KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
801 S. FIGUEROA ST., SUITE 1850
LOS ANGELES, CA 90017
PHONE: (213) 996-4400
FAX: (213) 996-4426

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE:<br><br>MARY ALIDA LUZURIAGA<br><br><br><br><br>DEBTOR(S). | Case No: LA22-10291-SK<br><br>CHAPTER 13<br><br><br>**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE RE: EFFECT OF FAILURE TO APPEAR AT CONFIRMATION HEARING**<br><br>DATE:     March 24, 2022<br>TIME:     10:00 am<br>PLACE:    ROYBAL BUILDING<br>          255 EAST TEMPLE STREET<br>          Courtroom 1575 15th Floor<br>          LOS ANGELES, CA 90012 |

TO THE HONORABLE  SANDRA R. KLEIN,  UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ALL PARTIES IN INTEREST:

The Chapter 13 Standing Trustee (the "Trustee") hereby objects to confirmation of the plan in that the Debtor(s) has failed to meet all of the mandatory requirements set forth under 11 U.S.C. §1325.  The Trustee's Objections are set forth in detail in Exhibit "A" of the attached Declaration in Support of the Trustee's Objections to Confirmation.  The Objections are based on information as known to the Trustee as of the §341(a) Meeting of Creditors (The "Meeting").  The Trustee reserves the right to raise additional objections.

Unless otherwise specified at the Meeting, the Trustee requests that the debtor(s) provide any new or amended documents no later than five days after the Meeting.  Pursuant to 11 U.S.C. §521(3), the debtor(s) is required to cooperate with the Trustee.

**THE FAILURE OF THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S), TO APPEAR AT THE CONFIRMATION HEARING IS CAUSE FOR DISMISSAL OR CONVERSION OF THE CASE UNLESS**

THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S) IS EXCUSED BY THE TRUSTEE OR BY A COURT ORDER PURSUANT TO L.B.R. 3015-1(d).

THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, ARE ALSO ADVISED THAT THE CASE MAY BE DISMISSED OR CONVERTED AT THE CONFIRMATION HEARING IF ALL PLAN PAYMENTS AND THE DECLARATION SETTING FORTH POST-PETITION PRECONFIRMATION DEED OF TRUST PAYMENTS (OFFICIAL FORM F3015-1.4) ARE NOT TENDERED TO THE TRUSTEE PRIOR TO THE DULY NOTICED HEARING TIME.

WHEREFORE, the Standing Trustee respectfully requests that confirmation of the plan be denied.

DATED: 2/25/2022

_____
KATHY A. DOCKERY, Chapter 13 Trustee

**DECLARATION OF KATHY A. DOCKERY**

I, Kathy A. Dockery, declare as follows:

1. I am the standing Chapter 13 Trustee in this matter and by virtue thereof, I have personal knowledge of files and records kept by my office in the regular course of business. I have personally reviewed the files and records kept by my office in the within case. The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called to do so.

2. The Trustee objects to confirmation of the proposed Plan due to the following deficiencies all of which existed prior to or at the time of the §341(a) Meeting(s) held in this matter. A true and correct copy of the Trustee's Objections in this matter is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Debtor(s) is requested to provide the documents and information set forth in Exhibit "A".

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 2/25/2022

_____
KATHY A. DOCKERY, Chapter 13 Trustee

EXHIBIT A

## Trustee Objections

**If the debtor(s) fails to produce the documents and resolve the issues set forth in this trustee's objection to confirmation, the trustee may recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors.  See 11 U.S.C. §§1307(c) and 1307(c) (1).**

### BANKRUPTCY PAYMENTS DUE AT CONFIRMATION

**Bankruptcy Payments due at confirmation must be mailed to the Trustee's lockbox prior to the confirmation hearing.  The Debtor or Attorney must present the Plan Payment Declaration with an attached copy of the bankruptcy payment and a certified proof of mailing at the confirmation hearing.  The Trustee's lockbox address is as follows:**

**Chapter 13 Trustee
P.O. Box 691
Memphis, TN 38101-0691**

**If you do not have evidence that your bankruptcy payments are current, your case may be dismissed at the confirmation hearing.**

*Other issues may arise at or before confirmation requiring additional action or information by the debtor and debtor's counsel.*

### *RESPONSES TO THE TRUSTEE'S OBJECTIONS ARE DUE ON March 7, 2022*

*Responses to the Trustee's Objections must be uploaded to our website latrustee.com on the tab T.R.U.  If your firm is not registered for T.R.U., email our office at tru@latrustee.com for a user name and password for your firm.*

**All documents that are required to be filed with the Bankruptcy Court must be uploaded to PACER prior to submittal to the Trustee's website.**

| No. | OBJECTION | Amendment or Documentation Requested |
|---|---|---|
| | The Plan | |
| 1. | The Trustee requests that the Debtor's(s') proposed plan provide for the issuance of a payroll deduction order without further court order upon the Debtor becoming delinquent by two or more plan payments. The Debtor is also requested to check off the box in Part 1) 1.4 of the Plan to say "included" for other non-standard provisions.  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Plan: Other Nonstandard Provisions Plan: Part 1, 1.4** |
| 2. | The proposed Plan is infeasible due to the objection filed by US Bank N. A. 11 U.S.C. § 1325(a)(6). | **Plan** |
| 3. | The Debtor(s) is requested to provide a declaration regarding: the higher step payments on month 7, 21 and 51. The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir.BAP (Cal.), 2001). | **As Stated** |
| | Income (Schedule I) | |
| 4. | The Debtor(s) is requested to disclose the rental income once this starts.  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation. See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Schedule I Rental Agreement** |

Mary Alida Luzuriaga
2210291
2/25/2022 11:39:30 AM

| | Expenses (Schedule J) | |
|---|---|---|
| 5. | The Debtor(s) is requested to provide a copy of the mortgage statement. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Mortgage Statement** |
| | Assets (Schedules A,B,C) | |
| 6. | If the Debtor(s) files a plan or amended plan which provides for less than a 100% dividend to Class 5 Creditors, the Debtor(s) is requested to provide evidence of the current fair market value of all real property the Debtor(s) discloses on Schedule A/B. The Debtor has the burden of proof for plan confirmation. See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001); the Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Evidence of Real Property Valuation**<br><br>**Evidence can include any of the following:**<br>▪**Broker Price Opinion**<br>▪**Appraisal**<br>▪**Online Appraisal**<br>▪**Evidence of Prior Sales** |
| 7. | The Trustee objects to the homestead objection claimed by the Debtor(s) unless the Debtor(s) provides documentary evidence of the date on which the interest in the principal residence was acquired. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Documentary Evidence** |
| | Miscellaneous Objections | |
| 8. | The Debtor(s) is requested to complete, sign and upload to TRU the following forms at least 14 days prior to the Confirmation Hearing:<br><br>• Attorney Consent Form<br><br>The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(a)(4). | **As Stated** |
| 9. | The Debtor(s) is requested to provide appropriate evidence of all required plan payments which have come due prior to the date and time of the scheduled confirmation hearing pursuant to the Trustee's policy and Local Bankruptcy Rules 3015-1(k) et seq. and 3015-1(m) et seq.<br><br>***Electronic plan payments made through TFS must be submitted 5 days before the Confirmation Hearing. Any TFS payments submitted less than 6 days prior to the Confirmation Hearing may not be deemed evidence of the required plan payment.***<br><br>**Failure to timely submit plan payments including electronic payments may be cause for dismissal or conversion of the case to a case under chapter 7 pursuant to 11 U.S.C. Section 1307(c) and Local Bankruptcy Rule 3015-1(k)(4) and 3015-1(m)(8).** | **Evidence of Plan Payments including Proof of Mailing**<br><br>**Evidence of Electronic Payments with date of the transaction** |

Mary Alida Luzuriaga
2210291
2/25/2022 11:39:30 AM